## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| Noah Cantu, | Civil Action No.: 1:12-cv-00730 |
| Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| Commercial Recovery Systems, Inc., | |
| Defendant. | |

For this Complaint, the Plaintiff, Noah Cantu, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Noah Cantu ("Plaintiff"), is an adult individual residing in Manor, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of 8035 R.L. Thornton Freeway Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Triad Financial (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

9.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **Commercial Engages in Harassment and Abusive Tactics**

10.     On or around July 26, 2012, Defendant began contacting Plaintiff in an attempt to collect the Debt.

11.     Defendant placed a call to Plaintiff's home telephone and had a conversation with Plaintiff's wife regarding the Debt.  In this conversation, although it had not obtained a judgment against Plaintiff, Defendant falsely threatened to place a lien against Plaintiff's house and falsely threatened to garnish Plaintiff's bank account.

12.     Additionally, Defendant stated to Plaintiff's wife that Plaintiff had until 3:00p.m. the following Friday to make a decision.

13.     In an additional phone call Defendant placed to Plaintiff's home telephone, Defendant used a threatening and demanding tone with Plaintiff's wife.

14.     Plaintiff called Defendant from his work phone number and told Defendant he had obtained legal representation and provided Defendant with the attorney's information.

15.     Mr. Hollingsworth, a representative from Defendant, responded by stating that Plaintiff's legal representation was a "nickel and dime" law firm and Defendant was "tired of dealing with this" matter.

16.     Additionally, Mr. Hollingsworth, a representative from Defendant, stated "enjoy your credit while it lasts."

17.     Furthermore, Defendant placed a call to Plaintiff at his place of employment after being notified that Plaintiff had obtained legal representation.  Despite providing Plaintiff's legal representation's information, Defendant falsely stated it was unable to make contact with the legal representation.  Plaintiff provided the information again.

3

18.     Additionally, Plaintiff requested to Defendant to not call him at his place of employment.

19.     Defendant, however, proceeded to place two phone calls to Plaintiff at his place of employment.

20.     During one of the calls to Plaintiff's place of employment, Defendant asked Plaintiff again if he wanted to settle the Debt before Defendant filed suit.  When Plaintiff responded no, Defendant stated it would serve Plaintiff within the next seventy-two hours.

21.     To date, Defendant has failed to provide written validation of the Debt.

22.     Defendant's phone calls and threats to Plaintiff were harassing and annoying and caused Plaintiff a great deal of aggravation.

**C.      Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

24.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I
VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

27.     The Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

28.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

30.     The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with garnishment if the Debt was not paid.

31.     The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with attachment of his property if the Debt was not paid.

32.     The Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant threatened to communicate false credit information.

33.     The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

34.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

36.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.    The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38.    The Defendant is each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

39.    The Defendant threatened to seize, repossess or sell the Plaintiff's property without first instituting proper court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(7).

40.    The Defendant threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

41.    The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5.  Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6.   Remedies under Tex. Bus. & Comm. Code  § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7.  Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

8.  Punitive damages; and

9.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 10, 2012

Respectfully submitted,

By:   /s/ Sergei Lemberg

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff